UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE MANO,<br><br>   Plaintiff,<br><br> v.<br><br>MARSHA A. ROLFE , a sole proprietor, d/b/a END ZONE BAR AND GRILL; and<br>DOES 1 to 100, inclusive,<br><br>   Defendants. | No.  2:14-cv-02919-GEB-CMK<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

   The status (pretrial scheduling) conference scheduled for hearing on February 23, 2015, is vacated since the parties' Joint Status Report filed on February 6, 2015 ("JSR") indicates the following Order should issue.

<u>DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

   "Plaintiff requests [in the JSR] that the Court provide the parties with an additional sixty (60) days from the date of the initial scheduling conference to ascertain the identities of any possible Doe defendants." (JSR 2:5-7, ECF No. 6.) The parties further state in the JSR:

> The parties propose a deadline of sixty (60) days from the Initial Status Conference for both parties to file any motions to amend the pleadings or join additional parties. After sixty (60) days, no amendment to the pleadings shall take place without a noticed motion and a finding by the Court of good

1

> cause for such amendment. Other than for potential Doe defendants, the parties do not anticipate amending the pleadings at this time.

(Id. at 2:11-15.)

Accordingly, the parties have until April 27, 2015, to file a motion in which leave is sought under the relevant Federal Rule of Civil Procedure to file an amended pleading and/or join a party, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown. The referenced motion(s) must be noticed for hearing on the Court's earliest available law and motion date.

If leave is not sought as stated, Does 1 through 100 will be automatically dismissed from this action.

<u>ADDED PARTY'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

If a new party is joined pursuant to the leave given above, a copy of this Order shall be served on that party concurrently with the service of process.

The newly added party has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by November 19, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by

appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before August 21, 2015, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before September 18, 2015.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is January 11, 2016, commencing at 9:00 a.m. Any motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for March 14, 2016, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. **The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each**

3

**theory/defense is based.** Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial

4

statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

## TRIAL SETTING

Trial shall commence at 9:00 a.m. on June 21, 2016.

## VOLUNTARY DISPUTE RESOLUTION PROGRAM ("VDRP")

Since the parties "wish to participate in the Court's [VDRP,]" this matter is referred to VDRP. (See JSR 4:14-16.)

IT IS SO ORDERED.

Dated: February 12, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5